J-A18035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LARRY RUNK, II, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN L. PENNOCK, M.D., CAPITAL | : | |
| AREA CARDIOVASCULAR SURGICAL | : | |
| INSTITUTE, PC, | : | |
| | : | |
| | : | |
| Appellees | : | No. 1950 MDA 2014 |

Appeal from the Order entered on October 16, 2014
in the Court of Common Pleas of Dauphin County,
Civil Division, No. 2011 CV 2531

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                     **FILED JULY 30, 2015**

Larry Runk, II ("Runk"), *pro se,* appeals the Order granting summary

judgment in favor of John L. Pennock, M.D., and Capital Area Cardiovascular

Surgical Institute, PC (collectively "Dr. Pennock").[1]  We affirm.

In 2005, Dr. Pennock performed heart surgery on Runk, which

included the placement of a medical device.  In 2011, Runk filed a Complaint

against Dr. Pennock, alleging professional negligence related to the surgery.

In support of his professional negligence claim, Runk submitted the expert

---

[1] On appeal, Runk has attempted to add parties to the caption of this case, namely Keith Dougherty ("Dougherty"), Harrisburg Hospital and Joseph Buckley, Esquire ("Attorney Buckley").  Because these parties were never added as parties to the case when it was pending in the trial court, we do not regard them as parties in the case on appeal.  ***See*** Pa.R.A.P. 908 (Parties on Appeal).

report of Thomas J. Berger, M.D. ("Dr. Berger"), who opined that Dr. Pennock had breached the applicable standard of medical care when performing surgery on Runk. Runk did not produce any further expert reports by the court-ordered deadline. Prior to trial, Runk filed a Motion *in Limine* regarding Dr. Berger's competency to testify at trial. Following a hearing, the trial court determined that Dr. Berger was not competent to render standard of care testimony at trial, as he had not been engaged in active clinical practice or teaching within the prior five years, as required by 40 P.S. § 1303.512.[2] While the case was pending, Runk's counsel, Attorney Buckley, sought to withdraw from representation. Prior to the trial court's ruling on Attorney Buckley's Petition to Withdraw, Runk filed numerous *pro se* filings.[3] After the trial court granted Attorney Buckley's Petition to Withdraw, Runk elected to proceed *pro se*. Thereafter, Dougherty unilaterally filed numerous *pro se* motions and other filings, which the trial court disregarded on the basis that Dougherty was neither a party to the

---

[2] Pursuant to section 1303.512, an expert testifying on the standard of care must (1) possess an unrestricted physician's license to practice medicine in any state or the District of Columbia; and (2) be engaged in or retired within the previous five years from active clinical practice or teaching. **See** 40 P.S. § 1303.512(b)(1), (2).

[3] We cannot consider on appeal the *pro se* filings made by Runk when he was still represented by Attorney Buckley, as there is no right to hybrid representation.

action nor a licensed attorney.[4]

Ultimately, Dr. Pennock filed a Motion for Summary Judgment on the basis that Runk was unable to establish a *prima facie* claim of professional negligence because Runk's sole expert witness was precluded from offering standard of care testimony. Dr. Pennock subsequently withdrew his Motion and filed an Amended Motion for Summary Judgment, which was served on Runk. Runk failed to respond to the Amended Motion, or file any brief in opposition thereto.[5] Accordingly, the trial court treated Dr. Pennock's Amended Motion for Summary Judgment as uncontested, and on October 16, 2014, entered an Order granting the Amended Motion. Runk, acting *pro se*, filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement.

On appeal, Runk raises the following issues for our review:

1. Did the [trial court] commit an error in law when indicating active within 5 years could not include acting as a [p]laintiff's [e]xpert utilizing the clinical diagnosis method as identified in Black's Law?

---

[4] The trial court determined that because Dougherty never sought leave of court to intervene in the action by filing a petition to intervene, as required by Pa.R.C.P. 2328, he was not a party to the action. **See** Trial Court Opinion, 1/23/15, at 1 n.1 (unnumbered). The trial court also determined that, because Dougherty was not a licensed attorney under 42 Pa.C.S.A. § 2524, he was prohibited from acting as Runk's attorney. **See** Trial Court Opinion, 1/23/15, at 1 n.2 (unnumbered).

[5] However, Dougherty continued to unilaterally file numerous motions, none of which constituted a response to Dr. Pennock's Amended Motion for Summary Judgment.

2. Did the [trial c]ourt commit an error in law by implying active clinical [(]as [d]efense [c]ounsel described clinical[)] is [m]andatory when [] full[-] time teaching is sufficient [(]with no active clinical being required[)]?

3. Did the [trial court] abuse [its] discretion by indicating a [d]octor same [*sic*] board certified [(]utilizing the clinical diagnosis method[)] currently engaged in forensic medicine with a currently unrestricted medical license in one of the 50 states or D[.]C[.] was not qualified to provide standard of care testimony?

4. Did the [trial c]ourt commit an error in law by treating a dispositive (summary judgment) motion as if a claim processing motion?

5. Can Dauphin County Local rule invalidate due process due?

6. Is the [trial c]ourt required to compel mediation 40 P.S. § 1303.714(g) when[,] as here[,] legal malpractice has invalidated [Dr. Pennock's] MCARE [i]nsurance [(]damaging the case for both [Runk] and [Dr. Pennock] alike[)] (as a remedy for the defense's bad faith) so as to preserve what reputation [Dr. Pennock] and his hospital are entitled to under Birth Center?

7. Can [the trial court] invalidate Article I Sec[tion] 10 of the United States Constitution [(]for Windsor Notification Purposes[),] requiring parties to be of the nobility to appear in court and[/]or[] be of the nobility or[,] at minimum[,] be represented by a member of the nobility to be a lawful assignee in a legal malpractice claim? And did the [trial] [c]ourt [a]ct without [j]urisdiction in [g]ranting [s]ummary [j]udgment? …

8. When[,] as here[,] the [trial c]ourt converts a [m]edical [m]alpractice case into a legal malpractice case [(]unwittingly by [its] 2/4/14 Order[),] does it create a right of the plaintiff to amend under Rule 708?

Brief for Appellant at 12-14 (quotation marks omitted, issues renumbered for ease of reference).

Our review of Runk's *pro se* Concise Statement discloses that the issues raised therein are largely unintelligible and, as noted by the trial court, "without any factual basis or citation to the evidence in the record, [] do not pertain to the instant appeal[, and include ]citations to legal authority that are not applicable to [Dr. Pennock's] Amended Motion for Summary Judgment or [the trial] court's grant thereof." **See** Trial Court Opinion, 1/23/15, at 2 (unnumbered).[6]

Runk's *pro se* brief on appeal suffers from the same deficiencies. Runk has failed to support his claims with citations to legitimate filings (*i.e.*, filings made by Attorney Buckley or by Runk *after* the trial court granted Attorney Buckley's Petition to Withdraw), evidence in the record, or relevant legal authority. **See** Pa.R.A.P. 2119(b), (c). Moreover, several of the issues (6-8) raised by Runk on appeal do not pertain to issues properly raised in the trial

---

[6] The Concise Statement raises, *inter alia*, sweeping allegations of judicial conspiracy, as well as legal malpractice and conspiracy by both Attorney Buckley and Dr. Pennock's defense counsel.

court.[7]  Accordingly, Runk has failed to preserve them for our review.  **See**

Pa.R.A.P. 302(a).

In his remaining issues, Runk essentially argues that the trial court

erred by (1) determining that Dr. Berger had not been engaged in active

clinical practice or teaching for a period of five years and, thus, was

precluded by 40 P.S. § 1303.512(b) from offering standard of care

testimony; and (2) granting Dr. Pennock's Amended Motion for Summary

Judgment, following its determination that the Amended Motion was

uncontested.

> Under our standard of review of an order granting or
> denying a motion for summary judgment, we view the record in
> the light most favorable to the non-moving party, and all doubts
> as to the existence of a genuine issue of material fact must be
> resolved against the moving party.  Summary judgment is
> properly entered only where there is no genuine issue as to any
> material fact and it is clear that the moving party is entitled to
> judgment as a matter of law.

**Barnett v. SKF USA, Inc.**, 38 A.3d 770, 776 n.6 (Pa. 2012).  Additionally,

when a motion for summary judgment has been filed, "the adverse party

may not rest upon the mere allegations or denials of the pleadings but must

---

[7] For example, Runk requests that this Court (1) add Dougherty as a party to the action; (2) amend the Complaint to add Harrisburg Hospital as a party; (3) amend the Complaint to add an averment that Dr. Pennock was intoxicated when he performed surgery on Runk; (4) order the parties to engage in mediation "as a remedy [for d]efense [c]ounsel's "bad faith;" and (5) determine that all attorneys in the case committed legal malpractice, and are liable to Runk for damages.  Brief for Appellant at 37-38.  However, each of these claims is premised on Runk's assertion that Attorney Buckley and defense counsel committed legal malpractice.  **See id**.  Because no claim of legal malpractice was ever presented to the trial court, we cannot address such claims on appeal.  **See** Pa.R.A.P. 302(a).

file a response within thirty days after service of the motion." Pa.R.C.P. 1035.3(a). Summary judgment may be entered against a party who does not respond. Pa.R.C.P. 1035.3(d).

Our review of the record in the light most favorable to Runk discloses that Dr. Berger retired from active clinical practice and teaching in 1998, approximately sixteen years prior to his anticipated trial testimony in this case, and that his sole source of income since 1998 has been expert consulting. *See* Dr. Pennock's Response to Rule Concerning Runk's Motion *in Limine*, Exhibits C and D. Accordingly, the trial court properly concluded that Dr. Berger was precluded by 40 P.S. § 1303.512(b) from offering standard of care testimony because he had not been engaged in or retired within the previous five years from active clinical practice or teaching.

Additionally, by failing to properly respond to the Amended Motion for Summary Judgment, Runk failed to raise any genuine issue as to any material fact, thereby entitling Dr. Pennock to judgment as a matter of law pursuant to Pa.R.C.P. 1035.3(d). Accordingly, the trial court properly entered summary judgment in favor of Dr. Pennock.

Order affirmed.

J-A18035-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/30/2015